UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CRIMINAL NO. |
| ) | 06-10068-RWZ |
| RONALD EVANO a/k/a ) | |
| Robert Evano a/k/a Robert Dixon a/k/a ) | |
| Ron Stevens a/k/a Ronald Ross a/k/a ) | |
| Ronald Rose a/k/a Robert Reed a/k/a ) | |
| Alex Benton a/k/a Ron Evans, a/k/a ) | |
| Donald Hill, and ) | |
| ) | |
| MARY EVANO a/k/a ) | |
| Mary Evans a/k/a Lisa Benton a/k/a ) | |
| Mary Dixon a/k/a Nancy Stevens a/k/a ) | |
| Lisa Moore a/k/a Mary Reed a/k/a ) | |
| Nancy Dixon a/k/a Connie Hill, ) | |
| Defendants. ) | |

### ORDER OF FORFEITURE

**ZOBEL, D.J.,**

WHEREAS, on March 16, 2006, a thirty-three count Indictment was returned charging defendants Ronald Evano and Mary Evano (the "Defendants") with conspiracy to commit mail fraud, wire fraud and health care fraud in violation of 18 U.S.C. § 371 (Count One), mail fraud in violation of 18 U.S.C. § 1341 (Counts Two through Eight), wire fraud in violation of 18 U.S.C. § 1343 (Counts Nine through Fourteen), identity theft in violation of 18 U.S.C. § 1028 (Counts Fifteen through Nineteen), social security number fraud in violation of 42 U.S.C. § 408 (Counts Twenty through Twenty-Three), and false statements relating to health care matters in violation of 18 U.S.C. § 1035 (Counts Twenty-Four through Thirty-Three);

Case 1:06-cr-10068-RWZ   Document 55-2   Filed 10/04/2007   Page 2 of 4

WHEREAS, the Indictment also contained criminal forfeiture allegations, which provided that, upon conviction of the offenses in violation of 18 U.S.C. §§ 371, 1341 and 1343 as alleged in the Indictment, the Defendants, jointly and severally, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds traceable to such violation;

WHEREAS, the forfeiture allegations further provided that, upon conviction of the offenses in violation of 18 U.S.C. § 1028, Defendant Ronald Evano shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation;

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendants:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property;

   WHEREAS, on August 15, 2007, Defendant Ronald Evano pled guilty to Counts One through Sixteen, Twenty through Twenty-two, and Twenty-five of the Indictment;

   WHEREAS, the amount of $203,958.00 in United States currency represents the proceeds of the Defendant's illegal activity in Counts One through Sixteen, Twenty through Twenty-two, and Twenty-five of the Indictment to which he has pleaded guilty;

   WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against Defendant Ronald Evano in the amount of $203,958.00 in United States currency; and

   WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

   ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

   1.   Defendant Ronald Evano shall forfeit to the United States the sum of $203,658.00 in United States currency, pursuant to pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), and 28 U.S.C. § 2461(c).

   2.   This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.  Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against Defendant Ronald Evano.

DONE AND ORDERED in Boston, Massachusetts, this ___ day of October, 2007.

_____
RYA W. ZOBEL
United States District Judge